UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE ANTONACCI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19CV896 RLW |
| ) | |
| BRADY CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brady Corporation's ("Defendant") Motion to Strike Plaintiff's Expert Designation (ECF No. 14). Also pending is Plaintiff Joe Antonacci's ("Plaintiff") Motion to Amend the Case Management Order to Allow the Late Designation of Unretained Expert Witnesses (ECF No. 16). The motions are fully briefed and ready for disposition. After careful consideration of the pleadings, the Court will deny Defendant's motion and allow amendment of the Case Management Order.

## I. Background

This case stems from charges of employment discrimination filed by Plaintiff against his employer, Defendant Brady Corporation. Plaintiff alleges he was employed by Defendant for over 20 years, during which time he was a top producing Regional Manager and received a prestigious award for his contributions. (ECF No. 4 ¶¶ 16-19) After a management "shake up" in 2017, Plaintiff was assigned several more states in his territory yet received a below average raise in 2018. (*Id.* at ¶¶ 20-29) In January 2018, Plaintiff underwent quadruple bypass heart surgery. (*Id.* at ¶ 31) Plaintiff alleges after he returned to work, Plaintiff, who was 62 years old, attended a team meeting in San Diego on or about March 1, 2018, and he was informed sixty-

year-old employees were not effective and were a drain to Defendant's health care cost. (*Id.* at ¶¶ 32-39)

A few days later, on March 6, 2018, Plaintiff was told to report to the Holiday Inn at the St. Louis airport and bring his laptop, company credit card, and cell phone. (*Id.* at ¶¶ 42-43) During the meeting, Plaintiff was asked if he recalled his conversations during a work dinner in Milwaukee on January 18, 2018. (*Id.* at ¶¶ 45-47) Three versions of the conversation alleged Plaintiff led a sexually-inappropriate conversation, which Plaintiff denied. (*Id.* at ¶¶ 47-54) However, Defendant terminated Plaintiff's employment as a result of the investigation into the January 18, 2018 incident, which Plaintiff alleges was based on false and/or pretextual reasons. (*Id.* at ¶¶ 55-56)

On February 26, 2019, Plaintiff filed a Petition in state court, which Defendant removed on April 9, 2019 on the basis of federal question jurisdiction. Plaintiff alleges age discrimination in violation of the Missouri Human Rights Act ("MHRA"), disability discrimination in violation of the MHRA, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and disability discrimination in violation of the Americans with Disabilities Act ("ADA").

The Court issued a Case Management Order ("CMO") on May 13, 2019, setting forth the discovery deadlines, including a date of August 2, 2019 for Plaintiff to disclose all expert witnesses, and a date of December 31, 2019 for the completion of all discovery.[1] (ECF No. 13 ¶¶ 3(b) and (f)) The trial in this matter is set for September 21, 2020. (*Id.* at § II) On October 24, 2019, Defendant filed the present Motion to Strike Plaintiff's Expert Designation, arguing

---

[1] Pursuant to a consent motion filed by the parties, the Court extended the discovery completion date to March 20, 2020. (ECF No. 25)

Plaintiff designated two experts after Plaintiff's deadline for disclosing experts in the CMO had expired. In response, Plaintiff seeks to amend the CMO to allow the disclosure of his expert witnesses.

## II. Discussion

In the motion to strike, Defendant argues Plaintiff's expert designation should be stricken, as Plaintiff disclosed his experts two months after the deadline passed and failed to seek an extension or otherwise show good cause or excusable neglect. Defendant contends late disclosure will delay the case by several months and prejudice Defendant. Plaintiff responds his attorney was under the impression that defense counsel consented to Plaintiff's designation of experts out of time, and the law firm representing Plaintiff underwent extensive changes over the summer. Further, whether labeled as an expert or lay witness, Plaintiff's doctors, the proposed witnesses in this case, are fact witnesses as to Plaintiff's medical condition.

Under Rule 16 of the Federal Rules of Civil Procedure, a CMO may be modified only for good cause and with the consent of the judge. Fed. R. Civ. P. 16(b)(4). Here, the Court notes the email exchange between Plaintiff's counsel and defense counsel, indicating that Plaintiff believed, pursuant to a phone conversation, that Defendant consented to the disclosure of Plaintiff's experts two months past the deadline. (ECF Nos. 16-1, 16-2) The record also shows the parties' general willingness to extend deadlines without Court intervention. The Court finds Plaintiff's misunderstanding in this instance is good cause, particularly where Plaintiff has been compliant with all deadlines in this case and has worked with Defendants in good faith to agree on deadline extensions and a protective order benefitting both parties. Thus, the Court will deny Defendant's motion to strike and grant Plaintiff's motion to amend the CMO.

The Court notes the discovery deadline has expired. However, the trial is not set for several months. To avoid any potential prejudice to Defendant, the Court will allow the parties to submit an amended joint proposed scheduling plan. The proposed plan shall address dates to depose Plaintiff's experts, Dr. Seiichi Noda, Plaintiff's cardiac surgeon, and Dr. Jack Galbreath, Plaintiff's treating physician, and dates for Defendant to disclose its experts and complete depositions. To the extent the parties require additional time to submit dispositive motions, the plan shall include proposed dates. The Court may consider continuing the trial date upon a showing of good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brady Corporation's Motion to Strike Plaintiff's Expert Designation (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Joe Antonacci's Motion to Amend the Case Management Order to Allow the Late Designation of Unretained Expert Witnesses (ECF No. 16) is **GRANTED**. The parties shall submit an amended joint proposed scheduling plan consistent with this Memorandum and Order no later than April 14, 2020.

Dated this 7th day of April, 2020.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**